UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>POTLATCHDELTIC LAND & LUMBER, LLC,<br><br>  Defendant. | Case No. 2:24-cv-00043-AKB<br><br>**MEMORANDUM DECISION AND ORDER RE PLAINTIFF'S UNOPPOSED MOTION TO ENTER CONSENT DECREE** |

Before the Court is Plaintiff United States' Unopposed Motion to Enter Consent Decree. (Dkt. 7). Defendant PotlatchDeltic Land & Lumber, LLC, has no objection. Likewise, following the public comment period, no objections have been filed with the Court. For following the reasons, the Court grants the motion.

## I. BACKGROUND

Defendant operates a sawmill and lumberyard facility in St. Maries, Idaho, within the boundaries of the Coeur d'Alene Tribe's reservation. (Dkt. 1 at ¶ 1). In its complaint, the United States seeks civil penalties against Defendant for violations of the Clean Water Act and for violations of the conditions and limitations of now-expired permits previously issued to Defendant's facility by the Environmental Protection Agency. (Dkt. 1 at ¶ 1). Specifically, the United States' complaint states twelve claims against Defendant for, among other things, failure to maintain compliance with or otherwise take required action under previously issued permits, unauthorized discharges of magnesium chloride and chemical defoamer, and unpermitted discharges from stormwater outfalls. (Dkt. 1 at ¶¶ 44-121).

Contemporaneously with its complaint, the United States filed a proposed consent decree. (Dkt. 2). The proposed consent decree provides Defendant shall, among other things, pay a civil penalty of $225,000 with interest; comply with Section 301 of the Clean Water Act; comply with the conditions and limitations set forth in a 2022 permit issued to Defendant; and be subject to further stipulated penalties for failing to pay the civil penalty or for violations of the 2022 permit. (Dkt. 2-1 at pp. 7-18). Following completion of the public comment period, during which no comments were received, the United States now moves for entry of the proposed consent decree. (Dkt. 7).

## II. LEGAL STANDARD

A consent decree "is not a decision on the merits or the achievement of the optimal outcome for all parties, but is the product of negotiation and compromise." *United States v. Oregon*, 913 F.2d 576, 580 (9th Cir. 1990). In determining whether to enter a proposed consent decree, the Court must examine whether the consent decree is procedurally and substantively fair, reasonable, in the public interest, and consistent with the polices of the underlying statute. *United States v. Aerojet*, 606 F.3d 1142, 1152 (9th Cir. 2010).

In making this determination, the Court gives deference to the Government's evaluation of the proposal. *See United States v. Montrose Chemical Corp. of Cal.*, 50 F.3d 741, 746 (9th Cir. 1995). "The true measure of the deference due depends on the persuasive power of the agency's proposal and rationale." *Id.* The Court must "scrutinize" the settlement process to determine whether the proposed decree is both procedurally and substantially fair but should not second-guess the parties' judgment. *Id.* at 746-47. While the Court may withhold its approval of the proposed consent decree, the Court lacks authority to modify the parties' proposal. *See Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of San Francisco*, 688 F.2d 615, 630 (9th Cir. 1982).

**MEMORANDUM DECISION AND ORDER RE PLAINTIFF'S UNOPPOSED MOTION TO ENTER CONSENT DECREE - 2**

### III.  ANALYSIS

After careful consideration, the Court finds the proposed consent decree is fair, reasonable, in the public interest, and consistent with the policies underlying the Clean Water Act. First, the Court concludes the proposed consent decree is procedurally and substantively fair. The United States represents the proposed consent decree "was the result of many months of arms-length negotiations between the parties, each represented by experienced counsel," and the proposed consent decree "requires Defendant to take actions to comply with its permits, offset environmental harm caused by its violations, and pay an appropriate civil penalty for the violations." (Dkt. 7 at pp. 7-8). That negotiations were made at arms-length and in good faith supports that the proposed consent decree is procedurally fair. *See United States v. Chevron U.S.A., Inc.*, 380 F. Supp. 2d 1104, 1111 (N.D. Cal. 2005). Moreover, the public was provided an opportunity to comment on the proposed consent decree. Altogether, the record demonstrates procedural fairness.

The proposed consent decree is also substantively fair. As proposed, Defendant shall pay a civil penalty of $225,000 with interest; comply with Section 301 of the Clean Water Act; comply with the conditions and limitations set forth in a 2022 permit issued to Defendant; and be subject to further stipulated penalties for failing to pay the civil penalty or for violations of the 2022 permit. (Dkt. 2-1 at pp. 7-18). These terms require Defendant to comply with its permit, to offset prior environmental harm, and to pay an appropriate civil penalty for prior violations. As the United States argues, the penalty amount balances the history and seriousness of Defendant's violations and its economic benefit against Defendant's "more recent good-faith compliance efforts at the facility." (Dkt. 7 at p. 8). *See* 33 U.S.C. § 1319(d). In addition to being fair, these terms are reasonable.

Finally, the proposed consent decree is in the public interest and achieves significant goals of the Clean Water Act. Defendant is obligated to offset prior environmental harm, comply with its permit going forward, and pay civil penalties. *See* 33 U.S.C. § 1251(a) (providing that the Clean Water Act's objective "is to restore and maintain the chemical, physical, and biological integrity of the Nation's waters"). The imposition of a civil penalty is consistent with the deterrent aims of the Clean Water Act. *United States v. Bunn*, No. CV 20-107-M-DLC-KLD, 2021 WL 4865261, at *3 (D. Mont. Aug. 31, 2021). Likewise, Defendant's obligations to offset prior environmental harm, undertake certain mitigation actions going forward, and comply with its current permit are consistent with the Clean Water Act's general goal of maintaining the integrity of the Nation's waters. *See* 33 U.S.C. § 1251(a).

In conclusion, the Court finds the proposed consent decree is procedurally and substantively fair, reasonable, in the public interest, and consistent with the policies of the Clean Water Act. The Court grants the United States' unopposed motion.

## IV.  ORDER

**IT IS ORDERED:**

1. Plaintiff's Unopposed Motion to Enter Consent Decree (Dkt. 7) is **GRANTED**. The Court hereby **APPROVES** the Proposed Consent Decree (Dkt. 2-1, -2, -3, -4) and **ADOPTS** the Proposed Consent Decree in this case.

DATED: May 06, 2024

Amanda K. Brailsford
U.S. District Court Judge